CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK J. HUNSBERGER and<br>CHERYL A. HUNSBERGER,<br><br>Plaintiffs,<br><br>v.<br><br>J.A. WOOD and<br>WILLIAM W. BLESSARD,<br><br>Defendants. | Civil Action No.: 07:07-CV-00087<br><br>**MEMORANDUM OPINION<br>AND ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

This case is before the court on defendant William W. Blessard's motion to dismiss. For the reasons stated below, the court partially grants and partially denies Blessard's motion.

Mark J. and Cheryl A. Hunsberger brought this action after Botetourt County sheriff's deputy J.A. Wood and Blessard, a private citizen, allegedly entered the Hunsbergers' home late at night. The two men allegedly entered without permission or a warrant and were found in the bedroom of the Hunsbergers' ten-year-old daughter. The Hunsbergers then brought this lawsuit, which includes three claims: (1) one count under 42 U.S.C. § 1983, alleging that the men's actions constitute an unreasonable search in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution; (2) one count under Va. Code. Ann. § 19.2-59, a statute providing for damages to certain persons aggrieved by warrantless searches; and (3) one count of common law trespass. Blessard has moved for dismissal of the first two counts against him. As to count one, he argues that the Hunsbergers have not pled sufficient facts to show that Blessard acted under color of law. As to count two, Blessard argues the Virginia statute applies exclusively to public officers. He argues the remaining trespass claim, since it is purely a state law issue, should be dismissed from federal court if the federal matter is dismissed.

As to the § 1983 claim, the Hunsbergers must allege facts that, if proved, would be sufficient to show that Blessard acted under color of state law. See Debauche v. Trani, 191 F.3d 499, 509 (4th Cir. 1999). Private individuals act under color of state law only where there is a sufficiently "close nexus" between the private action and the state action that the private action may fairly be called the action of the state itself. Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). The Hunsbergers have alleged that Blessard accompanied a sheriff's deputy into the Hunsberger home without warrant or permission. They allege that Blessard was pulling back the covers of a ten-year-old child's bed while Wood held a flashlight. They allege the men, acting in concert at all times, broke into the home while more officers waited outside. A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Such clarity is not present here. The alleged facts could establish a very close nexus between Wood and Blessard. The facts alleged "give [Blessard] fair notice of what [the Hunsbergers'] claims are and the ground upon which they rest," so Blessard's motion must be denied. Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002).

Blessard argues that Virginia Code § 19.2-59 cannot apply against private individuals under any circumstances. The Virginia Supreme Court has held that "the only persons covered by the statute are those who can be found guilty of malfeasance in office." Buonocore v. Chesapeake & Potomac Tel., 492 S.E. 439, 441 (Va. 1997). Blessard is not a law enforcement officer or other governmental agent and he therefore cannot be found guilty of malfeasance in office. There is no allegation that Blessard acted at Wood's direction. See id. The statute has no application to Blessard and his motion will be granted as to this count.

For these reasons, defendant Blessard's motion to dismiss plaintiffs' claim against him

under 42 U.S.C. § 1983 is **DENIED**.  Defendant Blessard's motion to dismiss the claim against him under Virginia Code § 19.2-59 is **GRANTED**.  Because the plaintiffs' action still presents a federal question, the trespass claim is not dismissed.

**ENTER:** This 20th day of November, 2007

_____
UNITED STATES DISTRICT JUDGE