CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
MAR 2 2 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK J. HUNSBERGER and CHERYL A. HUNSBERGER, Plaintiffs, v. J.A. WOOD and WILLIAM W. BLESSARD, Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 7:07CV00087<br><br>MEMORANDUM OPINION<br><br>By: Samuel G. Wilson<br>United States District Judge |

This case is before the court on remand from the Court of Appeals for the Fourth Circuit following that court's holding that Officer J.A. Wood's search of the Hunsberger residence was reasonable under the Fourth Amendment's exigent circumstances doctrine and that he is entitled to qualified immunity. This leaves two claims: a claim against Wood for violating Va. Code § 19.2-59 and a claim against both Wood and William W. Blessard for common law trespass. Though not a party to Wood's interlocutory appeal, Blessard has moved for summary judgment as to the Hunsbergers' common law trespass claim against him on the ground that it necessarily follows from the Fourth Circuit's reasoning that his entry was "reasonable" and that he is entitled to summary judgment. The court finds (and the parties agree) that the Fourth Circuit's order of remand by implication necessitates judgment in favor of Wood on the Hunsbergers' Virginia statutory and common law trespass claims, leaving only a single common law trespass claim against Blessard, which the court *sua sponte* dismisses without prejudice pursuant to 28 U.S.C. § 1367(c)(1) and (3).

I.

There is both authority and good reason for this court to decide the state law claims

remaining against Wood in light of the Fourth Circuit's reasoning. The Virginia statutory claim and the trespass claim against Wood are necessarily controlled by that court's reasoning that his search was reasonable. First, Va. Code § 19.2-59 provides no "greater restrictions on warrantless searches than required under the Fourth Amendment," Thims v. Commonwealth, 235 S.E.2d 443, 448 (Va. 1977); and second, a police officer's entry that is consistent with the Fourth Amendment is not a common law trespass. See McClannan v. Chaplain, 116 S.E. 495 (Va. 1923). Consequently, this court is constrained to conclude (and the parties agree) that the Fourth Circuit's determination that Wood's actions did not run afoul of the Fourth Amendment also necessarily means that he neither violated Va. Code § 19.2-59 nor trespassed in the course of entering and searching the Hunsbergers' residence. Accordingly, the court enters judgment for Wood as to those claims.

The remaining claim, a trespass claim, against Blessard, however, is not necessarily decided by the Fourth Circuit's finding, and while this court has authority to retain this claim under its supplemental jurisdiction, the court finds that there is good reason to dismiss it without prejudice. The question of the reasonableness of Blessard's presence in the Hunsberger residence does not necessarily resolve the Hunsbergers' trespass claim. There is no fault element in an action for trespass to land, see Cooper v. Horn, 448 S.E.2d 403, 407 (Va. 1994), and any *unauthorized* entry onto property which results in interference with a property owner's possessory interest is actionable. Id. Whether, and under what circumstances, a private citizen accompanying a law enforcement officer onto another's land can be considered *authorized* or *privileged* is a somewhat novel issue in Virginia best left for resolution by the Virginia state courts. Accordingly, the court dismisses the common law trespass claim against Blessard

without prejudice because it raises novel issues of state law and because there is no federal claim left for resolution by this court.[1]

## II.

For the reasons stated, the court enters judgment in favor of Wood and against the Hunsbergers as to all claims, state and federal, and the court dismisses *without prejudice* the common law trespass claim against Blessard.

**ENTER:** This 22nd day of March 2010.

UNITED STATES DISTRICT JUDGE

---

[1] To that end, the court vacates any previous rulings in relation to the trespass claim against Blessard so that all issues pertaining to that claim may be adjudicated in state court.